## SPRONK v CAMPBELL et

Common Pleas Court, Hamilton Co.

No. A-71125. Decided June 5, 1940.

598

Nichols, Wood, Marx & Ginter, Cincinnati, for plaintiff.

Carl W. Rich, prosecuting attorney, Walter M. Locke and Edward Strasser, asst. prosecuting attorneys, Cincinnati, for defendant.

**OPINION**

By SCHNEIDER, J.

Defendants demur to the petition herein on the ground that the petition does not set forth a cause of action.

It is alleged that the defendant commissioners negligently permitted one of the dedicated county highways to become in a state of disrepair, said condition being brought about—

"By the parking * * * of a county sand truck * * * across said highway, during an hour of darkness without lights or warning in such fashion as to block and render impassable the entire south portion of the highway * * * and in a fashion as to partially block the northern part of the said road."

It is alleged that the plaintiff was a passenger in an automobile being operated on the said highway and the automobile collided with the parked truck of the county, injuring plaintiff.

The action is brought under §2408 GC, which fixes the liability of county commissioners as follows:

"The board shall be liable in its official capacity for damages received by reason of its negligence or carelessness in not keeping any such road in proper repair * * *."

Plaintiff contends that the parking of a work truck during the hours of darkness without lights on ▆▆▆▆ a portion of such highway without giving any warning to travelers on the highway is a violation of this section. Plaintiff presents most respectable authority supporting this contention in the case of Bales, Admrx., etc. v County Commrs. Cuyahoga County, 30 Oh Ap 254.

In that case the county commissioners carelessly and recklessly permitted large piles of crushed stone and sand to be upon said highway. A divided court held that such act came within the provisions of §2408. The court in that case argues that by the use of the language "keeping in proper repair," the legislature intended to provide for the safety and protection of persons and property in the lawful use of the highway.

It is admitted that §2408 is in derogation of the common law and should therefore be strictly construed. In the Bales case the court took the view that a strict construction of the language "keeping in proper repair," means that the legislature intended to include keeping it free of nuisance.

This court is of the opinion that if the legislature really meant that it would have used language identical with that used in §3714 GC, referring to streets of a municipality wherein it is provided:

"The council shall have the care, supervision and control of streets within the corporation, and shall cause them to be kept open, in repair, and free from nuisance."

It seems to this court that the failure of the legislature to use the phrase "free from nuisance," in the statute fixing the liability of county officials is a very clear indication of their inten-

tion to restrict the liability of county commissioners, and that they are not liable in their official ca-■■■■■■ pacity for such conditions on public highways which constitute a nuisance, but that they are liable for their failure to keep the road bed in proper repair.

The demurrer will be sustained.